IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:23-cr-01168-1 |
| | § | |
| MICHAEL AVERY HOCHMAN, MD | § | |

## MOTION WITH SUPPORTING MEMORANDUM TO
## REVEAL THE IDENTITY OF CONFIDENTIAL INFORMANTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Michael A. Hochman, M.D. ("Dr. Hochman") moves this Court to enter an order requiring the Government to reveal the identity and location of any confidential informant used in the above-entitled case, along with details about any compensation or other consideration accorded to them. This motion is based on the U.S. Constitution, all relevant statutory authority and case law, the following memorandum of points and authorities, and such argument as the Court will entertain at the hearing.

**I.**
**Introduction**

Dr. Hochman seeks disclosure of the identity and address of any confidential informant used by the Federal Bureau of Investigation, Office of the Inspector General for the U.S. Department of Health and Human Services, the Texas Medicaid Fraud Control Unit, or any other law enforcement agency to provide information relied upon

in this prosecution. There are many reports of interactions between confidential informants with the investigative team in the investigation, which include efforts to surreptitiously record Dr. Hochman and others.

## II.
### Confidential Informants

**A. This Court Should Order Disclosure of the Identity of any Confidential Informant**

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court recognized a *limited* government privilege to withhold the identity of an informant. But this limited privilege must give way "where the disclosure of an informant's identity or the content of his communications is relevant and helpful to the defense of an accused or is essential to the fair determination of a cause." *Roviaro*, 353 U.S. at 60-61.

The identities of these informants must be timely identified. It is improper for the Government to only disclose informants it plans to call at trial, or to withhold their identity until the eve of trial. Under *Roviaro*, a court must balance the public interest in protecting the flow of information against an individual's right to prepare his defense, which depends on the circumstances of each case considering the crimes charged, possible defenses, the possible significance of the informer's testimony, and other relevant factors.

**B.**     **The *Roviaro* Balancing Factors Favor Disclosure**

As the Ninth Circuit has explained, once a defendant shows that an informant is a percipient witness, the Court must then "apply a balancing test, weighing the public interest in encouraging citizens to inform the government about criminal activity, against an accused's right to prepare his defense." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993).

**1.     No safety concerns weigh against disclosure**

One factor in the *Roviaro* balancing test is the interest in protecting the safety of the informant. Nothing in Dr. Hochman's past suggests that he presents a danger to an informant. He is a board-certified physician and attorney who has no prior conviction for any crime of violence; indeed, he has no felony conviction. Nothing suggests that Dr. Hochman has ever threatened any individual.

In the absence of a particularized showing by the Government of a danger to an informant posed by Dr. Hochman and a determination that this factor outweighs his right to prepare a defense, the informants must be disclosed. Should the Government argue that revealing the identities would put the informants' safety at issue, it would be error of constitutional dimension to deny disclosure solely because of such *potential* dangers. Rather, the Court must balance the safety concerns against the right to prepare a defense, taking into consideration the other *Roviaro* factors, to accord due process.

**2.     The crimes charged are not violent**

The nature of this case supports disclosure. This prosecution involves alleged healthcare fraud. There are no other charged co-defendants and not a whisper of any violent conduct or threats. This is precisely the type of matter that the Court anticipated would warrant disclosure in *Roviaro*.

**3.     The Informants may be Necessary for Dr. Hochman's Defense**

The informants' knowledge of the facts may make their disclosure necessary to the defense as they appear to be percipient witnesses to the alleged transactions purporting to have provided probable cause for the search warrant applications.

**C.     *Roviaro* Also Requires Disclosure of Identity and Location**

The rule enunciated in *Roviaro* requires not only disclosure of the informants' identities, but also their location and communications with the Government. *See Roviaro*, 353 U.S. at 60-61. This identifying information enables defense counsel to contact the informant and meaningfully investigate such issues as background and credibility.

**III.**
**This Court Should Order Disclosure of All Material Related to the Informants**

The Court should accordingly order disclosure of the following information as to the informant:

1.     The full identity of any cooperating source against Dr. Hochman;

2.     The present location, address, and phone number of any informant, or some method by which a defense investigator can interview them;

3. Any information regarding any payments, whether moiety, expense, or otherwise, made to any informant, including, but not limited to, copies of any pay sheets, payment requests, and vouchers in this or other cases;

4. Any information regarding monies or expenses and any rewards paid to any informant pursuant to 28 U.S.C. § 524(c)(1)(B), (C), or paid pursuant to state authority, in this or other cases;

5. Any information regarding any payments, whether moiety, expense, or otherwise, made to the friends or family of any informant in relation to his or her work as a confidential source in this or other cases;

6. Any information or instructions given to any informant regarding his or her obligation to pay taxes on money provided by the government;

7. Copies of any written agreements that any informant entered into concerning his or her status and work as a cooperating witness;

8. Any information calling into question the credibility of any informant and the details of any instances in which any informant in this case has been discovered to have been untruthful or dishonest, including but not limited to cross-examination of the informant, instances in which a warrant based on the statements of the informant was not issued, and other facts that have come to the government's attention regarding the credibility of the informant;

9.      All debriefing reports from the informant;

10.     Any instructions given to the informant regarding entrapment;

11.     All information regarding any expectations that the informant may have at sentencing;

12.     All information regarding any promises of immunity, leniency, or preferential treatment in this or any other case;

13.     All information or records of actual or implied threats B such as criminal investigation, prosecution, deportation, or exclusion B made by the government to the informant or the informant=s family or friends;

14.     All copies of any Presentence Reports or state probation reports regarding any informant;

15.     All information regarding any informant prior bad acts, including all records of arrests and convictions, and of activities which law enforcement officials investigated but did not prosecute;

16.     All information or records regarding intervention by federal or state law enforcement authorities to state regulatory agencies on behalf of the informant;

17.     All information regarding the seizure or threatened seizure of the informant=s assets;

18. All information regarding any polygraph examination of the informant, the results of those examinations, and questions asked during all polygraph examinations;

19. All information regarding the mental impairment of any informant;

20. All information regarding narcotic or alcohol dependency for the informant, including any occasions when law enforcement officers have observed the informant under the influence of a controlled substance;

21. All statements of the informant including, but not limited to, his:

   a. Statements upon initial arrest;

   b. Statements during interviews by pre-trial services;

   c. Statements at his or her initial appearance;

   d. Statements made in a proffer by his or her counsel to the Government;

   e. Statements made during interviews by case agents or law enforcement personnel;

   f. Statements made during interviews by any Assistant United States Attorney or an Assistant District Attorney;

   g. Statements made during testimony before a grand jury;

   h. Statements made at any plea colloquy;

   i. Statements made during later interviews with case agents;

   j. Statements made during any presentence report interview with probation;

   k. Statements made during pre-trial preparation in the present case.

22. The rough notes of government agents or police officers made in relation to any informant=s statements requested in item number 21.

The Supreme Court's decision in *Brady* requires the government to furnish the defendant with all favorable evidence relevant to the issue of guilt or punishment. Evidence impeaching the credibility of a Government witness falls under the *Brady* doctrine. *See Giglio v. United States*, 405 U.S. 150, 153-55 (1972. The fact that exculpatory evidence may concern an informant does not relieve its burden under *Brady*.

**CONCLUSION**

For the reasons set forth above, Dr. Hochman prays that this Court grant this request and accordingly order the Government to reveal the identities of any informants and the associated information requested above

Dated: October 9, 2024

Respectfully submitted,

By: **WOMBLE BOND DICKINSON (US) LLP**
*/s/ Michael E. Clark*
Michael E. Clark
717 Texas Ave., Suite 2100
Houston, TX 77002
Tel.: (346) 998-7807
Email: Michael.Clark@wbd-us.com
Texas Bar No. 04293200

**BALLI & BALLI LAW FIRM**
*/s/ Roberto Balli*
Roberto Balli
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999

8

Fax: (956) 724-5830
FBN: 22668

**LAW OFFICE OF ADRIANA ARCE-FLORES**
*/s/Adriana Arce-Flores*
Adriana Arce-Flores
Texas State Bar Number 01284525
Southern District of Texas No. 12173
1016 Juarez Ave.
Laredo, Texas 78040
Telephone: 956/723-6008
Fax: 956/723-6003

**ATTORNEYS FOR DR. HOCHMAN**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and attest that all parties in interest listed below have received a true and correct copy of this motion by electronic mail from the Clerk of Court.

/s/ *Michael E. Clark*
Michael E. Clark

## CERTIFICATE OF CONFERENCE

I, the undersigned, conferred with Assistant United States Attorneys Tyler White and James Hu about the filing of this motion and the Government is opposed to the relief requested.

/s/ *Michael E. Clark*
Michael E. Clark